OPINION OF THE COURT
Edward H. Lehner, J.
The director of the Manhattan Psychiatric Center has made an application to this court, pursuant to section 9.33 of the Mental Hygiene Law, to retain the patient, Muarem Nyazi, for involuntary care and treatment at said hospital for a period not to exceed six months.
The patient is a 41-year-old Albanian male who reportedly broke the windows of a bank and shop located on 42nd Street in New York City. He was subsequently charged with criminal mischief. The patient was found incompetent to stand trial and was thereby admitted to Manhattan Psychiatric Center on June 29, 1981, under CPL 730.50.
In considering the director’s application for retention of Mr. Nyazi the court must be satisfied that adequate treatment will be afforded him. Section 31.19 of the Mental Hygiene Law provides that: “[n]o individual who is or appears to be mentally disabled shall be detained, deprived of his liberty, or otherwise confined without lawful authority, or inadequately, unskillfully, cruelly, or unsafely cared for or supervised by any person.”
*415 » The patient speaks little or no English. While the hospital has attempted to procure an Albanian interpreter for Mr. Nyazi, he has gone without the services of an interpreter for over four months. The regulations relating to treatment of mental patients provide in 14 NYCRR 21.7 as follows: “In the case of patients who, for any cause, are unable to read or write, the treatment team shall assign a team member to read or write for them and provide reasonable time for them to do so. In addition, non-English-speaking patients shall have a person versed in their language available to provide this service for them.”
Without the services of an interpreter, it is hard to imagine how Mr. Nyazi can be properly diagnosed and treated. It was interesting to observe that part of the diagnosis was that he was “noncommunicative”. The court wonders to whom he should have spoken. What would the doctors have reported if he had been a mouthy Albanian?
Ironically, the court system (with its limited resources) was able to provide an Albanian interpreter for him pursuant to article 12 of the Judiciary Law at the time he was brought up on charges for criminal mischief and in the instant proceeding. In other words, it has been deemed vital at the commitment stage to obtain an interpreter, but not during the treatment process.
Certainly, due process is not served if we allow non-English speaking patients to remain hospitalized for long periods simply because the hospital has been unable or unwilling to provide an interpreter. If non-English speaking individuals cannot be convicted of a crime without the aid of an interpreter, there is little justification for imposing life-long sentences on possibly mentally ill patients, who, without an interpreter, will not receive proper treatment and, in all likelihood, never recover. (See United States ex rel. Negron v New York, 434 F2d 386.)
In conclusion, this court is constrained to hold that director’s application to retain the patient is granted for a period not to exceed 30 days on the condition that an Albanian interpreter be provided to the physicians treating the patient within 20 days from the date hereof. If such *416 interpreter is not provided within that period, this patient shall be immediately discharged.